## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TILLIE PIGNATELLI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | **C.A. No. 09-** |
| ) | |
| **BLATT, HASENMILLER, LEIBSKER,** ) | |
| **& MOORE, LLC** ) | |
| ) | |
| **Defendant.** ) | **JURY TRIAL DEMANDED** |
| ) | |

## COMPLAINT

### I.    PRELIMINARY STATEMENT

1.      This is an action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

### II.    JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.    PARTIES

4.      Plaintiff Tillie Pignatelli is an 80 year old widow who lives by herself at 2335 South 8th Street, Philadelphia, Pennsylvania 19148.

5.      Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") is a limited liability company and national law firm engaged in the business of collecting defaulted consumer debt throughout the country and in this Commonwealth.  The principal purpose of Blatt is the collection of such debt using the mails and telephone, and Blatt regularly attempts to collect such

debt in this Commonwealth.  Blatt is a debt collector as defined by the FDCPA.  Blatt has offices

at six locations throughout the country, including at 5 Great Valley Parkway, Suite 100, Malvern,

Pennsylvania 19355.

## IV.   <u>FACTUAL ALLEGATIONS</u>

6.   At all pertinent times hereto, Defendant Blatt was hired to collect moneys relating

to a consumer purchase that was allegedly owed to another.

7.   The alleged debt at issue arose out of transactions which were primarily for

personal, family or household purposes.

8.   On April 6, 2009, Defendant Blatt filed a Statement of Claim against Plaintiff in

the Philadelphia Municipal Court, at No. SC-09-04-06-3740, demanding payment of $9,535.69.

A copy of the Statement of Claim filed by Blatt against Plaintiff Pignatelli is attached hereto as

Exhibit A.

9.   Under Pennsylvania law, a plaintiff seeking to collect on an alleged debt is

required to include an itemization of the sums claimed, with an attached copy of an invoice or

statement of account and, where the claim is based upon a writing, a copy of the writing or

pertinent portions thereof.  If the required copies are not available, the debt collector must so

state, provide the reasons therefor and set forth the substance of the writing.  Phila. Mun. Court

R.Civ.P. 109(a)(2), (4).

10.   A complaint filed in the state courts of Pennsylvania must contain sufficient

documentation and allegations to permit a defendant to calculate the total amount of damages

that are allegedly due by reading the documents attached to the complaint and the allegations

within the complaint.  *Worldwide Asset Purchasing, LLC v. Stern*, 153 P.L.J. 111 (C.P.

Allegheny Dec. 29, 2004); *St. Hill and Associates, P.C. v. Capital Asset Research Corp., Ltd.*,

2000 WL 33711023 (C.P. Phila. 2000); *Marine Bank v. Orlando*, 25 D&C3d 264 (C.P. Erie 1982).

11.     The Statement of Claim filed by Defendant against Plaintiff failed to comply with Pennsylvania law.

12.     Blatt did not attach to the Statement of Claim any documentation (other than an alleged monthly statement) purporting to verify the truth and accuracy of the allegations in the Statement of Claim, such as a written application signed by Plaintiff Pignatelli, a signed cardholder agreement, or any amendments to a cardholder agreement.

13.     The Statement of Claim represented that the "principal" due on the alleged debt was the sum of $9,535.69.  *See* Exhibit A.

14.     Defendant's statement that the principal balance consisted of $9,535.69 was false, deceptive and misleading.  The principal amount claimed was inaccurate because it included already accumulated interest, charges and fees.  This resulted in an inaccurate and overstated amount of principal.

15.     The failure of Defendant to comply with Pennsylvania law and allege the amounts of the charges that are part of the claim, the dates of the charges, credits for payments, if any, dates and amounts of interest charges and dates and amounts of other charges in the Statement of Claim, and the failure to attach a copy of a written application or contract, constituted false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

16.      The Statement of Claim was signed by an attorney employed by Blatt, who verified the facts set forth in the Statement of Claim as follows:  "I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities (sic)." *See*

Exhibit A.

17.     Pennsylvania Rule of Professional Conduct 3.3 states: (a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal . . .".

18.     Pennsylvania Rule of Professional Conduct 3.7 states: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . .".

19.     Under Pennsylvania law, a defective verification signed by an attorney for the plaintiff requires the striking of the verification.  *Worldwide Asset Purchasing, LLC v. Stern*, 153 P.L.J. 111 (C.P. Allegheny Dec. 29, 2004).

20.     The verification described in paragraph 16 was false.  The attorney had no personal knowledge or information concerning the facts set forth in the Statement of Claim.

21.     Defendant knew when it filed the Statement of Claim that it did not possess evidence proving the alleged debt, such as an application for the account, a contract or any other writing or document signed by Plaintiff upon which the claim was based, as required by Rule 109.  Defendant did not affirm, as required by Rule 109, that such documents were not available or the reasons they were not available.

22.     The improper execution of the Verification by Defendant in the case filed against Plaintiff was not an isolated incident.  A review of collection complaints filed by Defendant in the Philadelphia Municipal Court shows numerous instances where Defendant's attorney executed a verification identical in wording to the Verification attached to the Statement of Claim filed against Plaintiff.

23.     Municipal Court Rule 111 provides that complaints "shall be served in the same manner as original process filed in the Court of Common Pleas."  Phila. Mun. Court R.Civ.P. 111(a).

24.     Under the Pennsylvania Rules of Civil Procedure applicable to the Court of Common Pleas, original service of process shall be served by handing a copy to the defendant or to an adult family member at, or person in charge of, the defendant's residence.   Pa.R.Civ.P. 402(a).

25.     Blatt did not serve Ms. Pignatelli with the Statement of Claim in accordance with Pennsylvania law.

26.     Instead, Blatt had the Statement of Claim served upon itself at its address on Great Valley Parkway, Malvern, Pennsylvania.   *See* Affidavit of Service attached hereto as Exhibit B.

27.     As a result, Plaintiff had no knowledge that a complaint had been filed against her or that a court hearing had been scheduled.

28.     Defendant then obtained a default judgment against Plaintiff in the Philadelphia Municipal Court, on June 12, 2009, in the amount of $9,640.19.   *See* Exhibit C hereto.

29.     Subsequently, Plaintiff received in the mail a Notice of Judgment informing her that a judgment had been entered against her in the Philadelphia Municipal Court.   The Notice of Judgment, a copy of which is attached hereto as Exhibit D, caused Plaintiff to suffer great emotional and mental distress and upset.

30.     Upon learning of the default judgment, Plaintiff retained counsel.   Plaintiff incurred money damages in the form of costs of transportation to consult with counsel.

31.     Counsel entered an appearance on Plaintiff's behalf in the Municipal Court case and filed a petition to open judgment on June 26, 2009.   *See* Exhibit E.

32.     On June 28, 2009, the Municipal Court granted a Rule to consider the petition to open the judgment, and scheduled a hearing for July 28, 2009 at 1:15 pm to consider the petition.

*See* Exhibit F.

33.     Counsel's entry of appearance, his filing of the petition to open default judgment and the Municipal Court's scheduling of a hearing to consider the opening of the judgment all constituted notice to the Defendant that Plaintiff was represented by counsel.

34.     Notwithstanding, at approximately 9:45 am on the morning of the July 28 hearing, a representative of the Defendant named Chris Williams, identifying himself as calling from Blatt, telephoned the Plaintiff directly, bypassing her counsel, and left a message for Plaintiff to call him back about the alleged debt.

35.     While knowing that Plaintiff had retained counsel and petitioned to open the default judgment on the basis of defective service, knowing that it had failed to serve Plaintiff with the Statement of Claim in accordance with Pennsylvania law, and knowing it had no means of proving the alleged debt, Defendant nonetheless deliberately and intentionally proceeded with the hearing on July 28, 2009.

36.     At the July 28 hearing, only when Defendant saw that Plaintiff's counsel had appeared in court to proceed with the petition to open judgment and to contest the collection action, Defendant consented to the opening of the judgment and withdrew the case without prejudice.  *See* two Orders of July 28 2009, attached hereto as Exhibit G.

37.     The Defendant's filing of a collection lawsuit without possessing the evidence to prove the existence of a debt violated the FDCPA.

38.     Defendant's false verification in the Statement of Claim violated the FDCPA.

39.     The Defendant knew or should have known that the Statement of Claim was served upon itself rather than upon the Plaintiff and yet proceeded to take a default judgment against the Plaintiff, constituting a lien upon her residence, all of which violated the FDCPA.

40.     Defendant's telephone call and message to the Plaintiff on the morning of the Municipal Court hearing, made while knowing that Plaintiff was represented by counsel, violated the FDCPA.

41.     Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said law.

42.     As a result of the filing of the lawsuit and the Defendant's other actions described above, Plaintiff suffered an ascertainable loss of money or property.  She incurred a lien upon her residence, and expenses to travel to meet with counsel to represent her in defending against the claim and to attend the Municipal Court hearing.  Further, Defendant's dismissal of the Statement of Claim without prejudice means that Plaintiff remains subject to continued improper attempts to collect the alleged debt in the future.

43.     The Defendant's actions described above violated the FDCPA in a number of ways, as more fully set forth below.

44.     Defendant Blatt is liable for all wrongful acts committed by its attorneys and agents.  *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000); *Ditty v. Checkrite, Ltd., Inc*., 973 F. Supp. 1320 (D. Utah 1997).

45.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, without probable cause and in wanton disregard of federal and state law and the rights of the Plaintiff herein.

## V.    CLAIMS FOR RELIEF

### COUNT I - Violation of the FDCPA

46.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47.    Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

48.    Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

49.    The lawsuit filed against the Plaintiff by Defendant and the telephone call to Plaintiff while she was represented by counsel are each a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

50.    Defendant violated the FDCPA as to the Plaintiff.   Defendant's violations include, but are not limited to, violations of the Act as evidenced by the following conduct:

a.    Defendant communicated directly with Plaintiff while it knew, or should have known, that Plaintiff was represented by an attorney, in violation of section 1692c(a)(2);

b.    Defendant used false, deceptive and misleading representations and means in connection with the collection of the alleged debt, in violation of section 1692e;

c.    Defendant falsely represented the character, amount and legal status of the debt, in violation of section 1692e(2)(A);

d.    Defendant threatened to take action that cannot legally be taken, in violation of section1692e(5);

e.    Defendant used false representations or deceptive means to collect or attempt to collect the debt, in violation of section 1692e(10);

f.    Defendant used unfair or unconscionable means to collect or attempt to collect the debt, in violation of section 1692f;

       g.      Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of section 1692f(1).

      51.     Defendant took all the actions described herein while knowing that such filing of an action against Plaintiff was in violation of the Pennsylvania rules and Pennsylvania case law.

      52.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under Pennsylvania law and with the purpose of coercing Plaintiff to pay an alleged debt that Defendant knew it had no evidence of or means of proving.

      53.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of statutory damages, actual damages and attorney's fees and costs.  15 U.S.C. § 1692k(a)(1), (2)(A), (3).

## VI.  **PRAYER FOR RELIEF**

     WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

     (a)     That judgment be entered against Defendant for actual damages;

     (b)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

     (c)     That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

(d)      That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**DONOVAN SEARLES, LLC**

Dated: August 5, 2009                   By:      _s/ David A. Searles_____

David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

Attorneys for Plaintiff Tillie Pignatelli

# EXHIBIT A



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge          Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

**Code:** Commercial Paper\Loans - (7)          **#** SC-09-04-06-3740

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC<br>P.O. BOX C3800<br>Southeastern, PA 19355<br><br><br><br><br>*Plaintiff* | TILLIE PIGNATELLI<br>2335 S. 8TH STREET<br>PHILADELPHIA, PA 19148<br><br><br><br><br>*Defendant(s)* |

Service Address (information) if other than above:

---

**To the Defendant:** *Plaintiff is seeking a money judgment against the **Defendant(s)** based on the following claim:*

Unpaid Balance of credit account # 5424180139994740, together with interest and court cost. BHLM file reference # 2202211.

---

## Summons to the Defendant
**You are hereby ordered to appear at a hearing scheduled as follows:**

## Citation al Demandado
**Por la presenta, Usted esta dirljido a presentarse a la siguiente:**

34 South 11th Street
Philadelphia, PA 19107
Hearing Room: 4A

June 12th, 2009
01:00 PM

## Amount Claimed

| | | |
|---|---|---:|
| Principal | $ | 9535.69 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 9535.69 |
| Service | $ | 45.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.50 |
| Court Costs | $ | 44.00 |
| **TOTAL CLAIMED** | $ | 9640.19 |

Date Filed: 04/06/2009

---

I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities.

DANIEL J. SANTUCCI

_____
**Signature Plaintiff/Attorney**
**Atty ID #:** 092800

**Address &**
**Phone**

BLATT, HASENMILLER, LEIBSKER & MOORE LLC P.O. BOX C3800
SOUTHEASTERN, PA 19398
800-850-1079

**NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT. PLEASE SEE ATTACHED NOTICES.**

**AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.**

**If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.**

# EXHIBIT B



# · PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator

**RECEIVED APR 0 9 2009 BY:** ----------------

#   SC-09-04-06-3740

| | | |
|---|---|---|
| **Petitioner/Plaintiff:**<br><br>CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC<br>P.O. BOX C3800<br>Southeastern, PA 19355 | | **Hearing Date:**<br><br>06/12/2009 |
| **Respondent/Defendant:**<br><br>TILLIE PIGNATELLI<br>BLATT, HASENMILLER, LEIBSKER & MOORE LLC P.O. BOX C3800<br>SOUTHEASTERN, PA 19398 | **Defendant #:  1117362** | **Courtroom/Time:**<br><br>4A 01:00 PM |

**Notice of Intent to Defend:** No

## AFFIDAVIT OF SERVICE

1) I served _Blatt Hasenmiller Leibsker, & Moore_ on _4/16/09_, at _4³⁵_, P.M.

2) Location of Service Address _Great Valley Pkwy      Malvern, Pa_

☐ at home   ☑ place of business   ☐ other

3)      (fill in one box)

☐ Defendant personally served.
☐ Adult family member with whom said Defendant(s) reside(s).
☐ Adult in charge of Defendant(s) residence.
☐ Adult in charge of Defendant(s) residence who refuses to give name or relationship.
☐ Manager/Clerk of Place of Lodging In Which Defendant(s) Reside(s).
☑ Agent or person in charge of Defendant(s) office or usual place of business. _Tair Dooley_

☐ Other _____

Name_____ Title/Relationship _____

Age_____ Height _____ Weight _____ Race _____ Sex _____

## AFFIDAVIT OF NO SERVICE

1) ___/___/___, at _____, __.M. ☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other

2) ___/___/___, at _____, __.M. ☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other

3) ___/___/___, at _____, __.M. ☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other

If Other _____
(Explanation)

I VERIFY that: 1) I am a competent adult over the age of eighteen, 2) I am not a party to this action, not an employee of a party in the action or of an attorney to the action, and 3) that all of the statements made herein are true and correct and I acknowledge that I am subject to the penalties of 18 PA C.S. §4904 relating to Unsworn Falsification to Authorities.

RETURN TO:  PA. STATE CONSTABLE
BY
448 MacDADE BLVD.
FOLSOM, PA 19033

_____   Print or Type:   Name of Server: _____
Signature of Server

Address: _____

Phone Number: _____

56-10/05/01



**10003-886064-10-Gz**

# EXHIBIT C



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge          Patricia R. McDermott, Deputy Court Administrator

# SC-09-04-06-3740

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC P.O. BOX C3800 Southeastern, PA 19355 | TILLIE PIGNATELLI 2335 S. 8TH STREET PHILADELPHIA, PA 19148 |
| *Plaintiff* | *Defendant(s)* |

DANIEL J. SANTUCCI

**Plaintiff/Attorney**
Attorney # _____092800_____

**Address & Phone**  BLATT, HASENMILLER, LEIBSKER & MOORE LLC P.O. BOX C3800 SOUTHEASTERN, PA 19398

# ORDER

**AND NOW**, to wit this ___12th___ day of _____June_____, ___2009___, upon consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned case be marked as follows:

Judgment for Plaintiff by Default. Judgment in the amount of $9,535.69, plus $104.50 Costs for a Total Amount due of $9,640.19.

**BY THE COURT:**

*Marsha H. Neifield*

_____  K.O.

J.

51 (07/09/01)

# EXHIBIT D



# PHILADELPHIA MUNICIPAL COURT
### Office of the Deputy Court Administrator
34 South 11th Street, Philadelphia, PA. 19107
215-686-2910
06/12/2009

Marsha H. Neifield
President Judge

Patricia R. McDermott
Deputy Court Administrator

CITIBANK (SOUTH DAKOTA), N.A c/o Blatt,    Plaintiff
  Hasenmiller, Leibsker & Moore, LLC

Date of Judgment:          06/12/2009
Claim No:         SC-09-04-06-3740

**vs.**
TILLIE PIGNATELLI          Defendant
2335 S. 8TH STREET
PHILADELPHIA, PA 19148

Failed to Appear On:        06/12/2009
Judgment Amount:            $9,640.19

## NOTICE OF JUDGMENT

Pursuant to Rule 122, you are hereby notified that a judgment has been entered against you, as Defendant, in the above matter.

Upon Payment to the Plaintiff of the above amount or settlement of this judgment, you must receive from the Plaintiff an Order To Satisfy, signed by the Plaintiff. The Order to Satisfy must then be filed by you with the Prothonotary, 5th Floor, 34 S. 11th Street, to satisfy the judgment from the record.

Patricia R. McDermott
Deputy Court Administrator

*

(262)

# EXHIBIT E



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge       Patricia R. McDermott, Deputy Court Administrator

# SC-09-04-06-3740

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC P.O. BOX C3800 Southeastern, PA 19355 | TILLIE PIGNATELLI 2335 S. 8TH STREET PHILADELPHIA, PA 19148 |

DAVID A SEARLES

**Attorney**
**Attorney #**  021471

**Address & Phone**   DONOVAN SEARLES,LLC 1845 WALNUT ST., STE.1100
PHILADELPHIA, PA 19103
(215) 732-6067

# PETITION

## TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

### Your Petitioner respectfully requests that:

1. Petitioner is the named _____ Plaintiff __X__ Defendant in the above-captioned case.

2. That the __X__ Plaintiff _____ Defendant is/and resides at:
   CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC
   P.O. BOX C3800 Southeastern, PA 19355

3. That a hearing was held in Municipal Court on 06/12/2009 and a Judgment was entered for __X__ Plaintiff ____ Defendant by Default on 06/12/2009.

4. Your Petitioner failed to appear at the hearing for reason that:
   Defendant/Petitioner Pignatelli was not served with the Statement of Claim in this case. The Affidavit of Service shows service was made instead on Blatt Hasenmiller Leibsker & Moore, LLC on April 16,2009 at 4:35 pm, at Great Valley Pkwy, Malvern, Pa., upon a Pat Dooley, the person in charge of the place of business.
   ( more )

5. Your Petitioner has a good reason to proceed in that:
   Petitioner disputes the debt claimed by the Plaintiff, and would assert defenses and counterclaims to Plaintiff's claim.

**WHEREFORE, your Petitioner respectfully requests the Court to open this judgment to allow your Petitioner to proceed.**

I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification to Authorities.

DAVID A SEARLES         6/26/09

_____        _____
Signature Plaintiff/Attorney/Petitioner         Intv. Code

172-06/11/01



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge      Patricia R. McDermott, Deputy Court Administrator

# SC-09-04-06-3740

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC<br>P.O. BOX C3800<br>Southeastern, PA 19355<br><br><br><br>*Plaintiff(s)* | TILLIE PIGNATELLI<br>2335 S. 8TH STREET<br>PHILADELPHIA, PA 19148<br><br><br><br>*Defendant(s)* |

### Overflow of Writ Failed To Appear Notes

As a result of the defective service, Defendant Pignatelli had no knowledge of this matter until she received the Notice of Judgment.  Upon learning of the judgment, she immediately searched for and located counsel to represent her in this matter.

# EXHIBIT F



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge

# SC-09-04-06-3740

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC P.O. BOX C3800 Southeastern, PA 19355 | TILLIE PIGNATELLI 2335 S. 8TH STREET PHILADELPHIA, PA 19148 |
| *Plaintiff(s)* | *Defendant(s)* |

DAVID A SEARLES

**Petitioner/Attorney**
**Attorney #** 021471

**Address &** DONOVAN SEARLES,LLC 1845 WALNUT ST.,
**Phone** STE.1100
PHILADELPHIA, PA 19103
(215) 732-6067

# R U L E

AND NOW, this ___28th___ day of _____June_____, ___2009___, the Court upon

consideration of the foregoing Petition,

Granted a Rule on the Defendant to show cause why relief requested in the Petition
be granted.

ALL PROCEEDINGS TO STAY MEANWHILE.

BY THE COURT:

Bradley Moss

J.



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge  Patricia R. McDermott, Deputy Court Administrator

\#  SC-09-04-06-3740

| CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC P.O. BOX C3800 Southeastern, PA 19355 | TILLIE PIGNATELLI 2335 S. 8TH STREET PHILADELPHIA, PA 19148 |
|---|---|
| *Plaintiff(s)* | *Defendant(s)* |

A petition has been scheduled on _____ Jul 28, 2009 _____ at ___ 1:15 PM ___ in

hearing room ___ 4D ___ at _____ 34 South 11th Street, Philadelphia, PA 19107 _____ .

ALL PARTIES INVOLVED IN THIS CASE (PLAINTIFFS, DEFENDANTS & WITNESSES) MUST BE PRESENT AT THE ABOVE HEARING.  IF THE JUDGMENT IS OPENED, THE CASE WILL PROCEED ON THE MERITS IMMEDIATELY.

# EXHIBIT G



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge       Patricia R. McDermott, Deputy Court Administrator

# SC-09-04-06-3740

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC P.O. BOX C3800 Southeastern, PA 19355 | TILLIE PIGNATELLI 2335 S. 8TH STREET PHILADELPHIA, PA 19148 |
| *Plaintiff* | *Defendant(s)* |

DANIEL J. SANTUCCI

**Plaintiff/Attorney**

**Attorney #** _____092800_____

**Address &** 5 Great Valley Corporate Center Suite 100
**Phone** Malvern, PA 19355

# ORDER

**AND NOW,** to wit this ____28th____ day of _____July_____ , ___2009___ , upon consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned case be marked as follows:

Petition/Affidavit Granted.

## BY THE COURT:

Craig M. Washington          (M.M.)

**J.**

51 (07/09/01)



## PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge     Patricia R. McDermott, Deputy Court Administrator

# SC-09-04-06-3740

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA), N.A c/o Blatt, Hasenmiller, Leibsker & Moore, LLC P.O. BOX C3800 Southeastern, PA 19355 | TILLIE PIGNATELLI 2335 S. 8TH STREET PHILADELPHIA, PA 19148 |
| *Plaintiff* | *Defendant(s)* |

DANIEL J. SANTUCCI

**Plaintiff/Attorney**
Attorney # _____092800_____

**Address &**
**Phone**

5 Great Valley Corporate Center Suite 100
Malvern, PA 19355

# ORDER

**AND NOW,** to wit this ___28th___ day of _____July_____ , ___2009___ , upon consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned case be marked as follows:

Withdrawn without Prejudice.

The previous disposition of Judgment for Plaintiff by Default entered on 06/12/2009 has been vacated.  The description of that disposition was: Judgment for Plaintiff by Default. Judgment in the amount of $9,535.69, plus $104.50 Costs for a Total Amount due of $9,640.19.   Entered 06/12/2009 03:21 PM.<BR>

## BY THE COURT:

_____
(M.M. )
**J.**

51 (07/09/01)